Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4647 | **DATE** | 6/6/2011 |
| **CASE TITLE** | Nielson vs. Astrue | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [#16], which was converted to a motion for summary judgment by order on January 24, 2011, is granted. Nielsen's motion for summary judgment [#21] is denied. This case is dismissed with prejudice. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

    Raymond J. Nielsen, Sr. filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying his application for disability insurance benefits under the Social Security Act. The Commissioner claims that Nielsen's complaint is time-barred.

    On May 9, 2009, an administrative law judge (the "ALJ") denied Nielsen's claim in part, finding him to be entitled to disability payments beginning June 12, 2007. Nielsen sought review of the decision. The Appeals Council denied his request on May 18, 2010. The notice informed Nielsen that he could appeal the ALJ's decision by filing a civil action in federal court within sixty days of receiving the notice. *See* 42 U.S.C. § 405(g) ("Any individual . . . may obtain a review of [a final] decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."). The notice also provided that it is presumed that Nielsen received the notice five days after the date appearing on the notice, unless a reasonable showing is made to the contrary. *See* 20 C.F.R. § 422.210©. Based on the date of May 18, 2010, Nielsen is presumed to have received the notice on May 24, 2010 (as the fifth day, May 23, 2010, was a Sunday). Nielsen's complaint would then be timely if it had been filed by Friday, July 23, 2010. It was instead filed on July 26, 2010, a Monday.

    The sixty-day filing requirement is not jurisdictional but instead operates as a statute of limitations. *Bowen* v. *City of New York*, 476 U.S. 467, 478, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). In support of its motion, the Commissioner attached a declaration of Patrick J. Herbst, the Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Office of Disability Adjudication and Review for the Social Security Administration, in which he states that to the best of his knowledge, the Appeals Council decision was mailed on May 18, 2010 to Nielsen's home address. Nielsen insists that he received the notice from the Appeals Council on May 28, 2010, so that his complaint is timely if the sixty-day period is calculated from this date. Nielsen argues that the fact that the envelope that contained the notice does not have a postmark date supports his claim that he received it outside of the five-day window.[1] He has also

| STATEMENT |
|---|

submitted various exhibits about the United States Postal Service's generally slow delivery times.

Nielsen's statement that he received notice only on May 28, 2010, without more, is generally insufficient to rebut the five-day presumption of receipt. *See McCall* v. *Bowen*, 832 F.2d 862, 864 (5th Cir. 1987) ("Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing. Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision." (quoting *Rouse* v. *Harris*, 482 F. Supp. 766, 769 (D.N.J. 1980)); *Burgess* v. *Astrue*, No. 10-0223-CV-S-REL-SSA, 2010 WL 4920604, at *2 (W.D. Mo. Nov. 29, 2010); *Pettway ex rel. Pettway* v. *Barnhart*, 233 F. Supp. 2d 1354, 1356–57 & nn. 3–5 (collecting cases). *But see Vine* v. *Bowen*, 1988 WL 35595, at *1 (N.D. Ill. 1988) ("Recognizing that the Social Security Administration may fail to mail the notice or that the postal service may fail to deliver the letter as addressed, the claimant may rebut the presumption and thereby create a factual dispute as to the actual receipt of notice by a sworn affidavit denying receipt of the notice letter."). Giving Nielsen some leeway, as he is proceeding *pro se*, the court will treat Nielsen's statement to this effect as an affidavit. The additional information he has submitted, however, does nothing to support his claim that he received notice on May 28, 2010. It consists of general commentary on the state of the postal service of questionable reliability and relevance. The envelope in which Nielsen allegedly received the notice admittedly does not have a postmark date, but it also does not have any annotation indicating the date on which the notice was received. Such an annotation may have been enough to constitute a reasonable showing, but a bald statement, such as the one Nielsen provides in this case, does not suffice. *Cf. Pettway*, 233 F. Supp. 2d at 1357 ("Of the numerous cases reviewed, the weakest deemed to constitute a reasonable showing was provided in *Gower v. Shalala*, 1993 WL 737965, at *2–3 (W.D. W. Va. 1993) . . . . The plaintiff in *Gower* at least produced a document purporting to corroborate the date of receipt, but the plaintiff's affidavit here offers only to explain how she is able to remember (some eleven months after the fact) the precise date of receipt.").

In some situations, the sixty-day limitation period may be tolled. *Bowen* v. *City of New York*, 476 U.S. 467, 480, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). Nielsen bears the burden of demonstrating that he pursued his rights diligently and that some extraordinary circumstance stood in his way. *Pace* v. *DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). No such evidence has been put forth. In fact, Nielsen has stated that he visited a Social Security branch office, told them about his situation, and was advised to write a letter to the Appeals Council seeking additional time to file, which the Appeals Council will routinely grant for good cause shown. *See* 20 C.F.R. §§ 404.911, 404.982. Nielsen did not seek an extension of time from the Appeals Council and instead filed this suit one business day after the limitations period, calculated using the presumption, expired. He has not proffered any reason that could constitute an extraordinary circumstance that kept him from filing within the time period. It appears that he was aware of the statutory period, and it is clear that he was not misled by the Social Security office. *Cf. Bolden* v. *Chater*, No. 94 C 7675, 1996 WL 374122, at *2 (N.D. Ill. June 28, 1996) (equitable tolling appropriate where plaintiff received misleading information from the Social Security office). Nielsen took a gamble in maintaining, without any affirmative evidentiary support, that he would be able to overcome the five-day presumption of receipt. Having lost that gamble, he may not benefit from equitable tolling. While this is an unfortunate outcome, especially as the amount in dispute is rather small, the limitations period "must be strictly construed." *Bowen*, 476 U.S. at 479. Nielsen's case will be dismissed with prejudice.

1. The envelope was attached to Docket No. 7 as an exhibit.